UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
AR-MALIK SPENCER, *pro se*,

                Plaintiff,

             -against-

CONSTRUCTION AND GENERAL BUILDING
LABORERS, LOCAL 79,

                Defendant.
------------------------------------------------------------------ x

**MEMORANDUM AND ORDER**
12-CV-2023(DLI)(LB)

**DORA L. IRIZARRY, United States District Judge:**

      Plaintiff Ar-Malik Spencer ("Plaintiff") filed the instant action, *pro se*,[1] against Construction and General Building Laborers, Local 79 ("Defendant" or "Local 79") alleging violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12112-12117. (*See generally* Complaint, Dkt. Entry No. 1.) Local 79 has moved to dismiss the complaint, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, on the ground that Local 79 is not a proper party to the action. (*See generally* Defendant's Memorandum of Law in Support of Second Motion to Dismiss ("Def. Mem."), Dkt. Entry No. 10-1.) On several occasions, the Court ordered *pro se* Plaintiff to respond to Local 79's motion, which Plaintiff failed to do. For the reasons set forth below, Local 79's motion to dismiss is granted and the complaint is dismissed *without prejudice* and with leave to file an amended complaint in accordance with this

---

[1] In reviewing the complaint, the court is mindful that, "[a] document filed *pro se* is to be liberally construed and a *pro se* [pleading], however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Accordingly, the court interprets the complaint "to raise the strongest arguments that [it] suggest[s]." *Triestman v. Fed. Bureau of Prisons,* 470 F. 3d 471, 474 (2d Cir. 2006) (emphasis omitted).

Order no later than April 28, 2014.

## BACKGROUND[2]

Plaintiff alleges that he was unlawfully terminated from Local 79's apprenticeship program, in violation of the ADA. (Compl. ¶ 8.) Plaintiff claims he suffers from Type 2 diabetes and he was absent from work to focus on losing weight. (*Id*.) When Plaintiff returned to work with a note from his physician, "Tim Willington" refused to read the note. (*Id*.) There are no allegations as to whether Mr. Willington supervised Plaintiff or whether Mr. Willington was employed by Local 79. Plaintiff alleges that he was wrongfully terminated and that Local 79 failed to accommodate his disability (*Id*. at ¶4.)

## LEGAL STANDARD FOR DISMISSAL

Under Rule 8(a) of the Federal Rules of Civil Procedure, pleadings must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Pleadings are to give the defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 346 (2005) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957), overruled in part on other grounds by *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). "The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*. (quoting *Twombly*, 550 U.S. at 555).

---

[2] Except as otherwise indicated, the following facts were taken from Plaintiff's Complaint and are assumed true for purposes of resolving this motion.

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may move, in lieu of an answer, for dismissal of a complaint for "failure to state a claim upon which relief can be granted." To resolve such a motion, courts "must accept as true all [factual] allegations contained in a complaint," but need not accept "legal conclusions." *Iqbal*, 556 U.S. at 678. For this reason, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to insulate a claim against dismissal. *Id*. "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Notably, courts may only consider the complaint itself, documents that are attached to or referenced in the complaint, documents that the plaintiff relied on in bringing suit and that are either in the plaintiff's possession or that the plaintiff knew of when bringing suit, and matters of which judicial notice may be taken. *See, e.g., Roth v. Jennings*, 489 F. 3d 499, 509 (2d Cir. 2007).

## DISCUSSION

Under the ADA, an employer is prohibited from discriminating against an employee "because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). "[T]o establish a prima facie case of discrimination under the ADA, a plaintiff must show (a) that his employer is subject to the ADA; (b) that he is disabled within the meaning of the ADA or perceived to be so by his employer; (c) that he was otherwise qualified to perform the essential functions of the job with or without reasonable accommodation; and (d) that he suffered an adverse employment action because of his disability." *Brady v. Wal-Mart Stores, Inc.*, 531 F. 3d 127, 134 (2d Cir. 2008)

(*citing Jacques v. DiMarzio, Inc.*, 386 F. 3d 192, 198 (2d Cir. 2004)). The ADA prohibits discrimination by "covered entit[ies]," which includes "an employer, employment agency, labor organization, or joint labor-management committee." 42 U.S.C. § 12111(2).

Local 79 contends that Plaintiff worked as an apprentice in the Apprenticeship Program for Skilled Construction Craft Laborers for the Mason Tenders District Council Training Fund, which is administered by the Joint Apprenticeship Training Committee ("JATC"). (Def. Mem. at 1-2.) Local 79 asserts that it has no role in administering the JATC, which is considered to be a joint labor-management committee under the ADA. Local 79 asserts that the JATC is the proper defendant in this action. Furthermore, Local 79 asserts that it had no involvement in Plaintiff's termination, nor any knowledge of the facts underlying his termination, as the JATC presided over his employment and termination. (*Id*. at 2.) Notably, there are no allegations in the complaint as to Local 79's involvement with Plaintiff's termination from the JATC or any link between Local 79 and the JATC. The complaint also lacks allegations as to any link between Plaintiff and Local 79, as Plaintiff alleges that he was "let go by my Apprenticeship school." (Compl. ¶ 8.) The allegations against Local 79 are insufficient to establish a plausible ADA claim against it. Accordingly, Local 79's motion to dismiss is granted.

## CONCLUSION

For the reasons set forth above, Local 79's motion to dismiss is granted. The complaint is dismissed *without prejudice*, with leave to file an amended complaint in accordance with this Order no later than April 28, 2014. The amended complaint must be captioned, "Amended Complaint," and shall bear the same docket number as this Order. For the convenience of Plaintiff, a copy of instructions on "How to Amend Your Complaint" is attached. If Plaintiff

4

fails to comply with this Order within the time allowed, the complaint will be dismissed, with prejudice. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for purposes of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of the Court is directed to hold the closing of this case in abeyance pending Plaintiff's compliance with this Order.

SO ORDERED.

Dated: Brooklyn, New York
March 27, 2014

/s/
DORA L. IRIZARRY
United States District Judge